UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 18-CV-110-J-20MCR

EDWARD DAVIS,

    Plaintiff,

vs.

JACKSONVILLE FIREMEN'S CREDIT UNION,

    Defendant.

_____/

## NOTICE OF FILING COURT ORDER

Plaintiff Edward Davis ("Plaintiff"), by his undersigned attorneys, hereby gives notice of filing of Judge Merryday's order denying Scott J. Ferrell's motion for *pro hac vice* admission in *Davis v. Florida Central Credit Union,* Case No. 18-178-SDM-AAS, which is attached hereto as Exhibit A.

Dated: February 13, 2018.

Respectfully submitted,

By: /s/ *Benjamin H. Brodsky*
Benjamin H. Brodsky, Esq.
Florida Bar No. 73748
BRODSKY FOTIU-WOJTOWICZ, PLLC
*Counsel for Plaintiff*
169 E. Flagler Street, Suite 1224
Miami, Florida  33131
Tel:  305-503-5054
Fax:  305-677-5089
bbrodsky@bfwlegal.com
docketing@bfwlegal.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD DAVIS,

    Plaintiff,

v.                                                           CASE NO. 8:18-cv-178-T-23AAS

FLORIDA CENTRAL
CREDIT UNION,

    Defendant.
_____/

**ORDER**

California attorney Scott Ferrell moves (Doc. 6) to appear *pro hac vice*. Local Rule 2.02(a) permits an attorney not a member of The Florida Bar to appear specially but prohibits a foreign attorney's abusing the *pro hac vice* privilege by appearing in Florida with a frequency that constitutes the "regular practice of law." The Florida Supreme Court defines a regular or general practice as an attorney's appearing in more than three actions in Florida within a year.[1] In the past year, Ferrell appeared in at least ten other actions in Florida.[2] Because Ferrell's frequent Florida filings flout the *pro hac vice* privilege, the motion (Doc. 6) to appear *pro hac vice* is **DENIED**.

---

[1] Florida Rule of Judicial Administration 2.510(a).

[2] *Davis v. Tampa Bay Fed. Credit Union*, 8:18-cv-144-EAK (M.D. Fla.); *Davis v. Fl. Central Credit Union*, 8:18-cv-178-SDM (M.D. Fla.); *Davis v. Jacksonville Firemen's Credit Union*, 3:18-cv-110-HES (M.D. Fla.); *Davis v. Suncoast Credit Union*, 8:18-cv-145-JDW (M.D. Fla.); *Davis v. IBM Southeast Emp. Credit Union*, 9:18-cv-80068-RLR (S.D. Fla.); *Davis v. Velocity Comm. Credit Union*, 9:18-cv-80063-BB (S.D. Fla.); *Davis v. Bay Credit Union*, 5:17-cv-310-RH (N.D. Fla.); *Davis v. Buckeye Comm. Fed. Credit Union*, 4:17-cv-595-MW (N.D. Fla.); *Davis v. Fl. State Emp. Fed. Credit Union*, 3:17-cv-974-MCR (N.D. Fla.); *Davis v. Sunstate Fed. Credit Union*, 1:18-cv-9-MW (N.D. Fla.); *Davis v. Campus USA Credit Union*, 1:18-cv-24-MW (N.D. Fla.). Several complaints state that Ferrell's motion to appear *pro hac vice* is "forthcoming."

No later than **FEBRUARY 16, 2018**, Benjamin Brodsky must file a notice, attaching this order, in each Florida action in which Ferrell within the past year has appeared *pro hac vice*, in which Ferrell has moved within the past year to appear *pro hac vice*, or in which Ferrell moves within the next year to appear *pro hac vice*. The failure to timely comply with this order will result in a sanction. The clerk is directed to **TERMINATE** Ferrell from the docket in this action.

ORDERED in Tampa, Florida, on February 2, 2018.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE